COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Haley


EUGENE BLAIR

                                                    MEMORANDUM OPINION[*]
v.       Record No. 2841-04-1                              PER CURIAM
                                                          MAY 10, 2005
HAMPTON DEPARTMENT OF
 SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                         Wilford Taylor, Jr., Judge

            (Lawrence A. Martin; Coyle, Martin & Blackwell, on brief), for
            appellant.

            (Lesa J. Yeatts, Deputy City Attorney; Michael King, Guardian *ad
            litem* for the minor children; Hampton York Law Center, P.C., on
            brief), for appellee.


        On October 4 and 5, 2004, the trial court entered orders terminating the parental rights of

Eugene Blair to his daughters, A.B. and D.B., pursuant to Code § 16.1-283(C)(2).  On appeal,

Blair contends the evidence was insufficient to support the termination.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

                                     BACKGROUND

        We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).  So viewed, the evidence

proved A.B. was born on November 6, 2001, and D.B. was born on October 11, 2002.  In 2002,

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Blair lived with Tina Townsend, the mother of A.B. and D.B. On October 17, 2002, the Hampton Department of Social Services (HDSS) took custody of D.B. when she tested positively for cocaine following birth. HDSS removed A.B. from the home on November 12, 2002. In addition to the concerns regarding substance abuse in the home, there were allegations of domestic violence between Blair and Townsend, who appeared incapable of maintaining employment and providing safe and stable housing for the children. Both A.B. and D.B. were adjudged as having been abused and neglected. The two girls were placed together in a foster home.

Initially, the goal of HDSS was to return A.B. and D.B. to their parents. The defined responsibilities for Blair were that he maintain safe and stable housing and employment for at least six months, participate and complete a substance abuse evaluation and follow all recommendations, successfully complete parenting classes, obtain a parenting capacity evaluation, and obtain and follow the recommendations of a psychiatric evaluation.

In April of 2004, HDSS changed its goal concerning A.B. and D.B. to adoption. The change was based upon Blair's and Townsend's failure to comply with the responsibilities defined for them. Blair had obtained substance abuse and parenting capacity evaluations. He also had attended ten of eighteen parenting classes regarding nurturing children of his daughters' ages, as well as six of twelve classes in the "Dynamic Dads" program. However, Blair successfully completed neither program. Blair did not obtain a psychiatric evaluation. Blair had worked part-time for Allied Trucking for about a month, but had otherwise failed to maintain steady employment. Blair indicated he was trying to get his flooring business back on its feet. Blair also had not obtained stable housing. At the time, HDSS had a mailing address for Blair, but did not know where he actually was living.

At the termination hearing on September 9, 2004, Colandra Cooke, a social worker with HDSS, testified that both A.B. and D.B. were thriving in their foster home. The girls had bonded with the foster parents' biological children and the other foster child in the home.

Blair testified at the termination hearing he had been employed at Southeastern Tile and Rug for one and one-half months. He was living in a three bedroom apartment with a female relative. Blair stated he had completed a psychological examination and signed a release for HDSS to receive a report of the results. Blair stated he had maintained stable housing for a period of eight months since the children were taken into custody. Blair asked the trial court to give him more time to satisfy his responsibilities regarding continued employment and stable housing.

The trial court approved the foster care plan with the goal of adoption and terminated the residual parental rights of Blair and Townsend pursuant to Code § 16.1-283(C)(2).

DISCUSSION

When considering termination of a parent's residual rights to a child, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463. On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted).

Termination pursuant to Code § 16.1-283(C)(2) requires proof, by clear and convincing evidence, that termination is in the child's best interests and the parent, "without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months

- 3 -

from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement," notwithstanding reasonable and appropriate efforts of services agencies.

The evidence, viewed in the light most favorable to HDSS, was clear and convincing that Blair, without good cause, failed "to substantially remedy" the conditions which led to or required continuation of the children's foster care placement within a reasonable period of time. One reason A.B. and D.B. were removed by HDSS was the concern that Blair could not provide financial stability or maintain a safe residence for the girls. Blair failed to satisfy responsibilities defined for him by HDSS with regard to employment and housing. At the time of the termination hearing, both A.B. and D.B. had been in foster care for almost twenty-two months. During this period of time, Blair had maintained steady employment for only about a month at a time. Nor had Blair maintained stable housing. In fact, Cooke had only a mailing address for Blair and was uncertain where he was living at the time of the termination hearing. Although Blair had participated in parenting classes, he completed neither of the programs he attended. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The record thus supports the trial court's approval of the foster care plan with the goal of adoption and the court's finding the best interests of the children would be served by terminating Blair's parental rights pursuant to Code § 16.1-283(C). Accordingly, we summarily affirm the judgment. See Rule 5A:27

Affirmed.